STEEL v. AUDITOR GENERAL.

1. STATUTES—CONSTITUTIONALITY—SURETY COMPANIES.
   Act No. 266, Pub. Acts 1895, permitting the acceptance, as
   sureties on bonds, of companies authorized to act as such, is
   not dependent for its validity upon the constitutionality of
   Act No. 194, Pub. Acts 1885, but is in itself complete.

2. SAME—DEPOSIT WITH SURETY—EXCEPTION.
   Since a deposit of the state funds subject to the control
   of a surety company would be improper and illegal, the bond
   of the state treasurer is excepted from the operation of sec-
   tion 6 of the statute, which provides for a deposit of the
   money for which such company may be responsible "if such
   deposit is otherwise proper."

3. OFFICIAL BONDS—ACCEPTANCE.
   The acceptance of the state treasurer's bond is discretionary
   with those charged with the duty of accepting it.

*Mandamus* by George A. Steel to compel Stanley W.
Turner, Auditor General, and Fred A. Maynard, Attor-
ney General, to approve the official bond of relator as
State Treasurer. Submitted December 28, 1896. Granted
December 28, 1896.

*Brennan, Donnelly & Van De Mark*, for relator.

*Fred A. Maynard*, Attorney General, for respondents.

PER CURIAM.    Petition for writ of *mandamus* to com-
pel the auditor general and the attorney general of the
State to approve the bond of the state treasurer, with the
Fidelity & Deposit Company of Maryland as surety.
The court has reached the following conclusions:

1. Act No. 266 of the Public Acts of 1895 is complete
in itself, without reference to the law of 1885 (Act No.
194, Pub. Acts 1885), and is constitutional. We do not,

therefore, pass upon the constitutionality of the. act of 1885.

2. Section 6 of the act of 1895 has no application to the bond of the state treasurer, for the reason that the deposit of the state funds, subject to the control of any surety company, would not be proper or legal. The bond of the state treasurer falls within the exception of this section.

3. The acceptance of the state treasurer's bond is discretionary with those charged with the duty of accepting it, and the responsibility rests with them.

4. The attorney general, in his brief, says: "For the purpose of this suit, I admit the pecuniary responsibility of the surety, and that, if the legislation in this State by which the surety undertakes to do business in this State is constitutional and valid, the bond would be approved."

It follows that the writ must issue as prayed.